■ MILE B. MICIC, Appellant, v. PAT OGDEN et al., Respondents.— Order, Supreme Court, New York County, affirmed. Respondents shall recover of appellant $30 costs and disbursements of this appeal. In this negligence personal injury action examinations before trial were held pursuant to notices and cross notices. Charles L. Newman is a defendant and the operator of the bus owned by defendant Greyhound Bus Lines. He testified on his own behalf and on behalf of Greyhound. In his notice plaintiff did not specify the person he sought to examine on behalf of Greyhound. The driver was produced, a normal procedure. Plaintiff's motion for a further examination of Newman and Greyhound and for the production of certain records by Greyhound was properly denied without prejudice to proceed by a notice of discovery and inspection under CPLR 3120. It is apparent from this record that plaintiff seeks the production of defendant's records for the primary purpose of inspecting such records and not as incidental to the oral examination which has been conducted. CPLR 3120 (subd. [a], par. 1, cl. [i]) provides that any party may serve on any other party a notice "to produce and permit the party seeking discovery * * * to inspect, copy, test or photograph any specifically designated documents or any things which are in the possession, custody or control of the party served, specified with reasonable particularity in the notice ". While under CPLR 3111, books and papers in the possession or control of the person to be examined can be required to be produced to be marked as exhibits and to be used on the oral examination, under the circumstances of this case, in view of the identity of the person being examined on behalf of Greyhound, more orderly procedure dictated that any examination of papers and records of Greyhound be conducted under the provisions of CPLR 3120 regarding discovery and inspection. (See *Rios* v. *Donovan,* 21 A D 2d 409, 413.) We can see no prejudice to the plaintiff under the order appealed from since plaintiff clearly has a direct remedy to obtain the material he seeks. Concur — Capozzoli, J. P., McGivern and Nunez, JJ.; McNally and Macken, JJ., dissent in the following memorandum by Macken, J.: I dissent and would reverse and grant the motion for a further examination of defendants Newman and Greyhound Bus Lines, with a direction to the defendant to produce for examination a person with knowledge of the mechanical condition of the bus involved and the records described in the cross notice of examination dated October 21, 1970. The order appealed from prevented the plaintiff from examining the defendant Greyhound although Greyhound was noticed for the examination. It was incumbent on the defendants to apply for a protective order. Instead, they sought and obtained adjournments of the examination, without reservation of their right to object, and thereby waived any objection to the notice of examination. (*Brand* v. *Colgate-Palmolive Co.,* 21 A D 2d 670.)